Judge Edwin A. Lombard hln this legal malpractice lawsuit, the defendant/relator attorneys have filed an application for supervisory writ asserting that the district court erred in denying its motion for summary. Pursuant to La. Code Civ. Proc. art. 966(H), the parties were afforded the opportunity to request oral argument and, upon their subsequent request, oral argument was granted. Our review of the writ application, including all attached exhibits reveals, that the pleading underlying this writ application is a “Peremptory Exception of No Right of Action” filed by the defendant/relator. Throughout the proceedings, the pleading was clearly titled and argued as an exception. Moreover, all references in the pleadings and exhibits before us, including cover letter (dated March 13, 2017) attached to exception, the memorandum attached in support of the exception, and documentation related to service of the pleading refer to it only as a “Peremptory Exception of No Right of Action.” The defendant/relator attached excerpts of the plaintiffs deposition testimony in support of the defendant/relator’s exception of no right of action. The plaintiff filed a response, entitled “Memorandum in Opposition to Peremptory Exception of No Right of Action,” arguing that an exception was not|a the proper vehicle for raising judicial estoppel and submitted affidavits in support of his memorandum in opposition to the exception. At the hearing on May 19, 2017, the district court agreed, ruling that a peremptory exception of no cause of action was not the proper procedural vehicle to raise the affirmative of judicial estoppel and, thereby, denying the defendant/relator’s exception of no cause of action. The relator/defendant argued orally that the plaintiff, by attaching exhibits to his opposition to the exception, had converted the defendant/relator’s exception of no right of action into a motion for summary judgment. In response, the district court stated: But if it’s a motion for summary judgment, it’s a hotly disputed issue of fact as to when Mr. Schiff was aware. And it doesn’t have to be a suspicion. I mean, it’s got to be something more than a suspicion. But when he determined that he did, in fact, have this right to sue the attorneys, the defendants in this case, that’s an issue of fact that on the showing made in the—so far it precludes summary judgment because that a hotly disputed issue of fact, (emphasis added). The district court ordered counsel[1] to prepare a judgment and, subsequently, signed 'a judgment denying the defendant/relator’s exception with the added proviso: • ' The Court, also having considered and grahted, Defendant’s request that its Peremptory Exception of No Right of Action be converted into a motion for summary judgment, together with mem-oranda, facts, exhibits, and oral argument submitted by respective counsel, and for the reasons orally assigned and dictated into the record: IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that Defendants’ Motion for Summary Judgment is DENIED. | aAfter review of the arguments of the parties and the record before us in light of the applicable law, we find that under the circumstances of this case, a motion for summary judgment was not properly before the district court and, accordingly, is not properly before us. Therefore, the defendant/relator!s writ application is denied to part and granted' in part. We find no error in the district court denying the defendant/relator’s exception of no right of action and affirm that judgment. Because a motion for summary judgment was not properly before the court, the district court judgment denying the defendant/relator’s motion for summary judgment is vacated. > WRIT GRANTED IN PART; DENIED IN PART; JUDGMENT AFFIRMED IN PART; VACATED IN PART . The transcript indicates that “Mr. Cook” was ordered to prepare the judgment; we assume that refers to R. Joshua Koch, attorney for the defendanVrelator.